UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| HAROLD BRUCE SHEEHAN, II, | ) |
| --- | --- |
| Plaintiff, | ) |
| v. | ) CAUSE NO. 1:14-cv-00324-WCL-SLC |
| NOBLE COUNTY SHERIFF'S DEPARTMENT, *et al.*, | ) |
| Defendants. | ) |

## OPINION AND ORDER

Harold Bruce Sheehan, II, a *pro se* prisoner, filed a motion asking to be appointed counsel in this civil lawsuit. (DE 52). "There is no right to court-appointed counsel in federal civil litigation." *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014) (*citing Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007)). However, in some circumstances, the court may ask an attorney to volunteer to represent indigent parties.

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?

*Pruitt*, 503 F.3d at 654.

Sheehan states that he "has contacted numerous attorneys throughout Indiana, Michigan, and Illinois along with the ACLU and was unable to retain counsel." (DE 52 at 1). He further explains, "that he contacted the Indiana Ombudsman, ACLU, Allen County Bar Association, Christopher Myers, and other attorneys throughout Indiana, Michigan, and Illinois." (DE 52 at 4). He has not attached copies of any responses, nor provided the name of any attorney (other than Christopher Myers) to whom he has written. The Indiana Ombudsman, ACLU, and Allen

County Bar Association are not attorneys and they do not take cases for an individual plaintiff to obtain monetary damages. Sheehan does not say when he wrote so it is unclear whether the attorneys knew that he had stated a claim and been granted leave to proceed. Neither does he say whether he provided a copy of this Court's typed, eight-page, screening order (DE 18-1) so that the solicited attorneys could easily understand the claims on which this case is proceeding without having to decipher the hand-written, 19-page, amended complaint (DE 4). In sum, Sheehan has not demonstrated that he has made a reasonable attempt to obtain counsel on his own.

The Clerk will send Sheehan 10 copies of the screening order and 10 extra copies of this Order so that he can enclose them in letters that he writes to 10 attorneys requesting that they represent him. If, after waiting a reasonable time for responses, he is unable to obtain counsel, he may file another motion with the Court to which he attaches a list of attorneys to whom he has written (with mailing dates and a copy of the cover letter he enclosed asking the attorneys for representation) along with any responses that he receives. Sheehan is encouraged to write to Christopher Myers again so that he has the opportunity to fairly evaluate the merits of this case.

For these reasons, the Court DENIES the motion for counsel (DE 52) and DIRECTS the Clerk to send Harold Bruce Sheehan, II, 10 copies of the screening Order (DE 18-1) and 10 extra copies of this Order.

SO ORDERED. Entered this 14th day of January 2016.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge