# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA
# FORT WAYNE DIVISION

| | |
|---|---|
| HAROLD BRUCE SHEEHAN, II, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO. 1:14-cv-00324-WCL-SLC |
| v. | ) |
| | ) |
| NOBLE COUNTY SHERIFF'S DEPARTMENT, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Harold Bruce Sheehan, II, a *pro se* prisoner, filed a motion asking to enlarge the deadline for filing an amended complaint so that he can add additional defendants who are currently unknown. (DE 60). This case is proceeding on claims arising under 42 U.S.C. § 1983 that the Defendants used excessive force against him and denied him medical treatment on October 16, 2013. Indiana's two-year limitations period for personal injury suits applies to § 1983 claims. *Behavioral Inst. of Ind., LLC v. Hobart City of Common Council*, 406 F.3d 926, 929 (7th Cir. 2005). Therefore, the deadline for filing a complaint raising claims arising out of those events was October 16, 2015, unless the amended complaint relates back to the original filing.

Federal Rule of Civil Procedure 15(c)(1)(C)(ii) requires that an added defendant "knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity." "[T]he mistake requirement is independent from whether the purported substitute party knew that action would be brought against him." *King v. One Unknown Fed. Corr. Officer*, 201 F.3d 910, 914 (7th Cir. 2000). "[I]n the absence of a mistake in the identification of the proper party, it is irrelevant . . . whether or not the purported

substitute party knew or should have known that the action would have been brought against him." *Wood v. Worachek*, 618 F.2d 1225, 1230 (7th Cir. 1980).

"It is the plaintiff's responsibility to determine the proper party to sue and to do so before the statute of limitations expires. A plaintiff's ignorance or misunderstanding about who is liable for his injury is not a 'mistake' as to the defendant's 'identity.'" *Hall v. Norfolk S. Ry. Co.*, 469 F.3d 590, 596 (7th Cir. 2006). "[P]laintiffs cannot, after the statute of limitations period, name as defendants individuals that were unidentified at the time of the original pleading. Not knowing a defendant's name is not a mistake under Rule 15." *Jackson v. Kotter*, 541 F.3d 688, 696 (7th Cir. 2008). Therefore it would be futile to permit Sheehan to amend his complaint to add additional defendants.

For these reasons, the motion (DE 60) to enlarge the deadline for filing an amended complaint is DENIED.

SO ORDERED.

Entered this 14th day of January 2016.

    /s/ Susan Collins  
Susan Collins  
United States Magistrate Judge