UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| HAROLD BRUCE SHEEHAN, II, <br><br> Plaintiff, <br><br> v. <br><br> NOBLE COUNTY SHERIFF'S DEPARTMENT, *et al.*, <br><br> Defendants. | CAUSE NO.: 1:14-CV-324-TLS |

**OPINION AND ORDER**

This matter is before the Court on the Defendants', Tyler Barrientes, Brandon Chordus, Erick Kiern, Chris Moriarity, Ryan Morrison, Elizabeth Roehm, and Richard Williams, Motion in Limine [ECF No. 162], and the Plaintiff's, Harold Bruce Sheehan, II, Motion in Limine [ECF No. 165].

**LEGAL STANDARD**

Federal Rule of Evidence 104 mandates that the Court decide any preliminary question regarding the admissibility of evidence. Motions in limine to exclude evidence prior to trial are subject to a rigorous standard of review by the trial court. Courts may bar evidence in limine "only when evidence is clearly inadmissible on all potential grounds." *Dartey v. Ford Motor Co.*, 104 F. Supp.2d 1017, 1020 (N.D. Ind. 2000) (quoting *Hawthorne Partners v. AT&T Techs.*, 831 F. Supp. 1398, 1400 (N.D. Ill. 1993)). If evidence does not meet this standard, "evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context." *Id.* (quoting *Hawthorne*, 831 F. Supp. at 1400). Often, the "better practice is to deal with questions of admissibility of evidence as they arise,

presenting the issues in a specific context, rather than excluding broad categories of evidence prior to trial." *United States v. Phillips*, No. 1:12-CR-872, 2014 U.S. Dist. LEXIS 79916, at *5-6 (N.D. Ill. June 12, 2014) (internal citation and quotation marks omitted).

In this Order, the Court does not make a final determination as to the admissibility of any evidence. The Court reserves the right to change these rulings during the trial should the Court find that the evidence or arguments at trial justify such change.

## ANALYSIS

### A. Defendants' Motion in Limine

1. Defendants' Motion in Limine paragraph 1:

   The Defendants request that the Plaintiff should be prohibited from making any "Golden Rule" appeal to the jury, that is, a request that the jurors put themselves in the Plaintiff's shoes and ask themselves what they would have done in a certain situation.

   **GRANTED**. (No objection).

2. Defendants' Motion in Limine paragraph 2:

   The Plaintiff and the Defendants' lay witnesses should be barred from making any references to any statements by physicians regarding medical diagnosis or medical causation;

   **GRANTED**. (No objection).

3. Defendants' Motion in Limine paragraph 3:

   The Plaintiff should be barred from referencing the Defendants' Motion in Limine or any other ruling;

   **GRANTED**. (No objection).

4. Defendants' Motion in Limine paragraph 4:

The Plaintiff should be barred from arguing or introducing any evidence regarding settlement discussions;

**GRANTED**. (No objection).

5. Defendants' Motion in Limine paragraph 5:

    The Plaintiff should be barred from referencing insurance;

    **GRANTED**. (No objection).

6. Defendants' Motion in Limine paragraph 6:

    The Plaintiff should be barred from introducing evidence or making argument regarding alleged litigation-induced stress or distress;

    **GRANTED**. (No objection).

7. Defendants' Motion in Limine paragraph 7:

    The Plaintiff should be barred from mentioning, introducing evidence, or making argument regarding prior claims that the Court has removed at summary judgment;

    **GRANTED**. (No objection).

8. Defendants' Motion in Limine paragraph 8:

    The Plaintiff should be barred from asserting, introducing evidence, or making argument regarding new claims;

    **GRANTED**. (No objection).

9. Defendants' Motion in Limine paragraph 9:

    The Plaintiff should be barred from asserting, introducing evidence, or making argument regarding Reports of Conduct for Defendants from other incidents.

    **GRANTED** but subject to evidence and issues presented by Plaintiff Sheehan at trial. (No objection).

**B. Plaintiff's Motion in Limine**

1. Plaintiff's Motion in Limine 1

   Defendants' counsel or witnesses should be barred from making any mention regarding any of the Plaintiff's prior arrests or convictions.

   **GRANTED**. (No objection).

2. Plaintiff's Motion in Limine 2

   Defendants' counsel or witnesses should be barred from making any mention regarding the Plaintiff's Blood Alcohol Test (BAC) taken the day of his arrest at the jail.

   **DENIED**. (No objection). The Plaintiff argues that "machine BAC test results are hearsay with no actual physical record of the certainty of who took the test or the actual result." (Pl.'s Mot. in Limine at ¶ 2(b).) The Plaintiff argues that the "taking of or the results of the BAC" is prohibited under Federal Rule of Evidence 403 and would be "highly inflammatory and prejudicial." (*Id*. at 3.)

   Federal Rule of Evidence 403 states that the "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." The Plaintiff's BAC is relevant to discussions of his interactions with the Defendants and the case at hand. The Plaintiff himself acknowledges the probative value of his BAC and discusses his BAC level at length in his Complaint. (Pl.'s Compl. at 13, ECF No. 4.)

3. Plaintiff's Motion in Limine 3

Defendants' counsel or witness should be barred from any mention regarding the Plaintiff's arrests or convictions after October 16, 2013.

**GRANTED**, but subject to evidence and issues presented by the parties at trial. The Plaintiff's arrest and conviction stemming from the October 15, 2013 incident are relevant to both parties' arguments.

## CONCLUSION

For the reasons stated above, the Defendants' Motion in Limine [ECF No. 162] is GRANTED, and the Plaintiff's Motion in Limine [ECF No. 165] is GRANTED IN PART AND DENIED IN PART.

SO ORDERED on January 28, 2019.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
