# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
### FORT WAYNE DIVISION

HAROLD BRUCE SHEEHAN, II,            )
                                      )
    Plaintiff,                        )
                                      )
v.                                    )    Cause No. 1:14-CV-324-HAB
                                      )
DEPUTY CHRISTOPHER MORIARITY,  )
DEPUTY BRANDON CHORDAS,         )
OFFICER ERICK KEIRN, OFFICER    )
TYLER BARRIENTES, OFFICER       )
RICHARD WILLIAMS, OFFICER RYAN  )
MORRISON, and SERGEANT          )
ELIZABETH ROEHM,                )
                                      )
    Defendants.                       )

## OPINION AND ORDER

This matter comes before the Court on Defendants' Motion to Reconsider and Response to Plaintiff's Motion in Limine (ECF No. 180). Defendants ask this Court to reconsider its January 28, 2019, Opinion and Order which preliminarily determined that Defendants should be barred from introducing evidence regarding Plaintiff's past arrests and convictions. The Court finds no basis to change its prior opinion, and therefore denies Defendants' motion.

## PROCEDURAL HISTORY

In its October 27, 2017, Order for Civil Trial and Final Pretrial Conference, Order Controlling the Case (ECF No. 133), this matter was set for trial to begin on June 26, 2018. In addition, this Court ordered as follows with respect to motions in limine:

> In all jury cases, motions in limine are to be e-filed, with supporting briefs, not later than 20 days prior to trial. Any response is to be e-filed 7 days thereafter with replies to be filed 3 days after any response is filed.

(ECF No. 133 at 4). Defendants filed their Motion in Limine (ECF No. 162) and supporting Brief (ECF No. 163) on June 6, 2018. Plaintiff filed his Motion in Limine (ECF No. 165) on June 11, 2018.

On June 18, 2018, this Court entered an Order (ECF No. 167) continuing the trial management conference and jury trial. Following a telephonic scheduling conference, this Court set the telephonic final pretrial conference for March 4, 2019, and the trial for March 19, 2019. (ECF No. 171). The final pretrial conference and trial have subsequently been reset on three additional occasions, and trial is now set to begin on October 1, 2019. (ECF No. 184).

There having been no response to either parties' motion in limine, this Court issued its Opinion and Order on those motions on January 28, 2019 (ECF No. 174). In that Opinion and Order, this Court granted Plaintiff's first and third motions in limine, barring Defendants' counsel and witnesses from making any mention regarding any of Plaintiff's prior arrests or convictions. (*Id*. at 4–5). This Court denied Plaintiff's second motion in limine to bar evidence of the blood alcohol test taken the day of his arrest. (*Id*. at 4).[1]

Almost four months later, on May 14, 2019, Defendants filed the instant motion to reconsider. Defendants recognize that they failed to file a response to Plaintiff's Motion in Limine but suggest that this failure was due to their belief that the continuations of the trial also served to continue the briefing schedule on the motions in limine. (ECF No. 180 at 2).

---

[1] The Court notes that the final five pages of Defendants' Motion is devoted to arguing the admissibility of the blood alcohol test (*see* ECF No. 180 at 13–17), despite this Court specifically finding that "[t]he Plaintiff's BAC is relevant to discussions of his interactions with the Defendants and the case at hand." (ECF No. 174 at 4)

# LEGAL ANALYSIS

## A.    *Legal Standard*

District courts has the inherent authority to manage the course of a trial. *Luce v. United States*, 469 U.S. 38, 41 n.4 (1984). The Court may exercise this power by issuing an evidentiary ruling in advance of trial. *Id*. A party may seek such a ruling by filing a motion in limine, which requests the Court's guidance on what evidence will (or will not) be admitted at trial. *Perry v. City of Chi.*, 733 F.3d 248, 252 (7th Cir. 2013). Motions in limine serve a gatekeeping function by allowing the judge "to eliminate from further consideration evidentiary submissions that clearly ought not be presented to the jury." *Jonasson v. Lutheran Child & Family Servs*., 115 F.3d 436, 440 (7th Cir. 1997). By defining the evidentiary boundaries, motions in limine both permit "the parties to focus their preparation on those matters that will be considered by the jury," *id*., and help ensure "that trials are not interrupted mid-course for the consideration of lengthy and complex evidentiary issues," *United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).

As with all evidentiary matters, the Court has broad discretion when ruling on motions in limine. *United States v. Ajayi*, 808 F.3d 1113, 1121 (7th Cir. 2015); *Jenkins v. Chrysler Motors Corp*., 316 F.3d 663, 664 (7th Cir. 2002). Moreover, the Court can change its ruling at trial, "even if nothing unexpected happens[.]" *Luce*, 469 U.S. at 41. Rulings in limine are speculative in effect; essentially, they are advisory opinions. *Wilson v. Williams*, 182 F.3d 562, 570 (7th Cir. 1999) (Coffey, J., concurring in part and dissenting in part).

Interlocutory orders, which have not been taken to judgment or determined on appeal, may be reconsidered at any time by a trial court, and the trial court has discretion to make a different determination on any such matters. *Cameo Convalescent Ctr. Inc. v. Percy*, 800 F.2d 108, 110 (7th Cir. 1986). However, this Court's rulings "are not intended as mere first drafts, subject to revision

and reconsideration at a litigant's pleasure," and "ill-founded requests for reconsideration of matters previously decided . . . needlessly take the court's attention from current matters and visit inequity upon opponents who, prevailing in an earlier proceeding, must nevertheless defend their position again and again." *Berger v. Xerox Ret. Income Guar. Plan*, 231 F. Supp. 2d 804, 820 (S.D. Ill. 2002).

## B.     *Admissibility of Plaintiff's Past Convictions*

The convictions at issue are ten convictions, ranging temporally from July 13, 2004, through March 30, 2015. (*See* ECF No. 180 at 7–8). These convictions largely fall into either the driving-related or theft-related categories, but Plaintiff does have separate convictions for dealing in a controlled substance and attempted escape. (*Id*.). Defendants urge that evidence of these convictions is "probative to impeach his credibility pursuant to Rule 609." (*Id*. at 5).

Federal Rule of Evidence 609 provides in relevant part, "for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence . . . must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant." Fed. R. Evid. 609(a)(1)(A). This Rule provides the Court with "broad discretion" to admit evidence of prior crimes where it determines that the probative value of the evidence outweighs its prejudicial effect. *See*, *e.g.*, *United States v. George*, 752 F.2d 749, 756 (1st Cir. 1985).

In reviewing a request to admit evidence of prior crimes, the Court must always be mindful of the limits placed on such evidence in Federal Rule of Evidence 404(b). Specifically, that Rule prohibits the introduction of evidence of past crimes "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). This is particularly true in civil rights cases like this one. As the Seventh Circuit has

recognized, "civil rights actions often pit unsympathetic plaintiffs-criminals, or members of the criminal class against the guardians of the community's safety." *Geitz v. Lindsey*, 893 F.2d 148, 151 (7th Cir. 1990) (quotation omitted). Accordingly, it is often far too easy for "the trial of a civil rights claim brought by a plaintiff with as unsavory a history as [plaintiff to] be effectively (and prejudicially) transformed into an attack on the character of the plaintiff by parading every last disreputable detail of the plaintiff's life before the jury." *Charles v. Cotter*, 867 F. Supp. 648, 656 n.3 (N.D. Ill. 1994).

With respect to all but one of Plaintiff's past offenses, Defendants make no effort to rebut Plaintiff's claims that evidence of the convictions would be more prejudicial than probative. Having reviewed the list provided by Defendants, the Court finds no compelling reason to believe that evidence of any of Plaintiff's convictions is more likely to be probative of his truthfulness than it is to cause unfair prejudice. Outside of the fact that they are felonies, none of the driving-related offenses are probative of Plaintiff's credibility. *See, e.g., United States v. Edwards*, 156 Fed. Appx. 954, 956 (9th Cir. Dec. 7, 2005) (Unpub. Disp.) (finding arrest for driving under the influence "irrelevant" to witness' credibility); *see also McClain v. Norfolk Southern Ry. Co.*, No. 3:07CV2389, 2009 WL 806612, *1 (N.D. Ohio Mar. 24, 2009) (same); *McDonald v. Hewitt*, 196 F.R.D. 650, 652 (D. Utah 2000) (same). The same is true of the conviction for receiving stolen property, *Abshire v. Walls*, 830 F.2d 1277, 1281 (4th Cir. 1987), and the theft/burglary convictions, *Clarett v. Roberts*, 657 F.3d 664, 669 (7th Cir. 2011); *Kunz v. DeFelice*, 538 F.3d 667, 675 (7th Cir. 2008); *United States v. Amaechi*, 991 F.2d 374, 379 (7th Cir. 1993); *Miller v. Ill. Dep't of Transp.*, 2012 WL 2922690, at *5 (S.D. Ill. July 17, 2012); *United States v. Smith*, 181 F. Supp. 2d 904, 909 (N.D. Ill. 2002). Plaintiff's conviction for dealing in a controlled substance also has limited probative value on the issue of credibility. *Coles v. City of Chi.*, 2005 WL 1785326, at *3

(N.D. Ill. July 22, 2005). At this point in time, and based on the information available to the Court, it does not appear as if any of Plaintiff's identified convictions are necessarily probative of his credibility, and certainly not more probative than the likely prejudicial effect that evidence of the convictions would have.

The Court's conclusion is informed, at least in part, by the one conviction Defendants do discuss at length, Plaintiff's 2004 conviction for operating while intoxicated. In arguing for the admissibility of that conviction, Defendants note that the facts of that case are "very similar" to Defendants' version of events in this case. (ECF No. 180 at 9). Defendants then go on to argue:

> Sheehan's testimony and the jury's determination of his credibility are of central importance in this matter. The Defendants will testify to and present evidence of Sheehan's conduct on the night of his arrest, and Sheehan will testify that he has never engaged in that sort of conduct. The specific facts and circumstances[2] of Sheehan's 2004 OWI Felony make that conviction and its details very probative to the issue of Sheehan's credibility, and substantially outweighs any prejudicial effect. The impeachment value of the 2004 OWI Felony is significant, in that the specific facts and circumstances of that conviction would be very probative in impeaching Sheehan's testimony regarding his conduct. As such, the first Mahone factor weighs strongly in favor of admission.

(*Id*. at 10). From a legal standpoint, this paragraph is problematic.

Contrary to Defendants' assertion, there is nothing about the specific facts and circumstances of Plaintiff's 2004 OWI conviction that are in any way probative of his credibility. There is no suggestion that Plaintiff provided a false identification, lied to the officers, or did anything else during the actions giving rise to the 2004 OWI conviction that relate to his credibility. Instead, the only impeachment value that the 2004 OWI conviction could have is in attempting to show that the Defendants' version of events is somehow more likely because Plaintiff acted in a

---

[2] Even if Plaintiff's convictions could be used for impeachment, Defendant's would not be permitted to question Plaintiff about the specific facts and circumstances of the offenses. Instead, the examination would be limited to whether the Plaintiff had been convicted of a felony, to what that felony way, and to when the conviction was obtained. *United States v. Robinson*, 8 F.3d 398, 409 (7th Cir. 1993).

similar fashion fifteen years ago. This is *precisely* what Rule 404(b)(1) seeks to prevent; the only purpose for which the conviction could be used by the jury is to draw an impermissible propensity inference. *United State v. Miller*, 673 F.3d 688, 696 (7th Cir. 2010).

Of course, facts and circumstances may change at trial that would permit the introduction of one or more of Plaintiff's convictions. If, for instance, Plaintiff were to claim that he was a law-abiding citizen, then the convictions may serve an impeachment purpose. However, at this point there is no reason to believe that the introduction of the convictions would serve any admissible purpose, and Defendant's Motion to Reconsider must be denied.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Reconsider and Response to Plaintiff's Motion in Limine (ECF No. 180) is DENIED.

SO ORDERED on June 24, 2019.

s/ Holly A. Brady
JUDGE HOLLY A. BRADY
UNITED STATES DISTRICT COURT